IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM and
ROBERT KIDD,

                                                       OPINION & ORDER

                        Plaintiffs,

    v.                                                           14-cv-808-jdp

WILLIAM J. POLLARD,

                        Defendant.

---

Plaintiffs Terrance Grissom and Robert Kidd, prisoners in the custody of the Wisconsin Department of Corrections, bring this lawsuit against William Pollard, warden of the Waupun Correctional Institution (WCI), alleging that he disregarded their complaints about improper treatment of their mental and physical health issues and other problems. Kidd is still incarcerated at WCI, but Grissom has been transferred to the Columbia Correctional Institution (CCI).

After considering several submissions made by each plaintiff individually as well as their joint submissions, I conclude that the case cannot proceed until several issues are resolved regarding plaintiffs' finances and Kidd's involvement in the case. I will give plaintiffs a short time to address these issues.

ALLEGATIONS OF FACT

Plaintiff Terrance Grissom suffers from a "mental disorder/psychosis and or epilepsy." Dkt. 1, at 7. He also states that he has knee pain that he ascribes to cancer. Plaintiff Robert Kidd has "seizure disorders/major psychosis/colon cancer." *Id*. at 2. While housed at WCI, they were also "exposed to cold air with no heat." *Id*. Plaintiffs state that defendant William

Pollard, warden of the Waupun Correctional Institution, "is responsible for the [denial] of equal rights and protection" and did not respond to their written complaints about these problems. *Id*. at 2-3. Plaintiffs seek transfer to a mental health facility.

## ANALYSIS

A.  **Grissom's *in forma pauperis* status**

Grissom seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed[1] and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In this complaint, Grissom alleges that he suffers from physical and mental health problems that Pollard is ignoring, which is sufficient to meet the "imminent danger" standard at this point. Therefore, Grissom may proceed on his claims without prepayment of the $350 filing fee.

Although I conclude that Grissom qualifies to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g), he must still make an initial partial payment of the filing fee before the complaint can be screened. In addition, he will have to

---

[1] This means that Grissom does not lose the ability to proceed on "imminent danger" claims by virtue of his transfer from WCI after he filed the complaint, even though defendant Pollard does not currently have custody over Grissom.

pay the remainder of the fee in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2).

The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account. From the account statement Grissom has submitted, I calculate his initial partial payment to be $0.03. If Grissom does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account, or respond to this order explaining why he cannot make this initial payment. This does not mean that he is free to ask prison authorities to pay his entire filing fee from his release account. The only amount he must pay at this time is the $0.03 initial partial payment. Grissom should show a copy of this order to prison officials to ensure that they are aware that they should send his initial partial payment to this court.

B.  **Plaintiff Kidd**

Kidd is named as a plaintiff in the complaint and appears to be bringing claims similar to Grissom's. However, unlike Grissom, Kidd did not submit a motion for leave to proceed *in forma pauperis*. The court directed Kidd to submit a trust fund account statement, Dkt. 4, and Kidd responded by submitting a letter suggesting that he incorrectly believes that he can obtain a full waiver of the filing fee because he is disabled as a result of military service. Kidd followed up by sending a letter stating that his signature on the complaint was forged, Dkt. 7, leading me to believe that perhaps Kidd does not want to litigate this lawsuit.[2]

---

[2] Examination of the complaint shows that Kidd's name is printed on the signature block, which seems to fit with Grissom's style of printing his name as a signature. The filings coming directly from Kidd include a more conventional cursive-style signature by Kidd. If it turns out

I will give Kidd a chance to respond to this order, explaining whether he actually wishes to be a plaintiff in this lawsuit. If he does, he will also have to submit a trust fund account statement. To clarify Kidd's obligations, if he decides to go ahead with this lawsuit, he will owe a separate filing fee from Grissom and will eventually have to pay off the entire amount ($350 if he is found to be indigent, $400 if not). If he qualifies for *in forma pauperis* status, he will be assessed an initial partial payment based on his trust fund account statement. That is the only amount he will owe before the case can proceed. If Kidd chooses not to be a plaintiff in this lawsuit, he will be dismissed from the case and will not owe a filing fee.

C. New allegations

After Grissom was transferred to CCI, he submitted a letter stating that his mail was being tampered with and that the water at the prison contains elevated levels of lead. These allegations cannot be considered part of this case because they are not part of the complaint. Even if Grissom added them to the complaint, it is unlikely that the court could consider those allegations along with his claims against Pollard because it seems very unlikely that the allegations would concern the same defendants or series of transactions. *See* Fed. R. Civ. P. 18, 20. It is also unclear whether Grissom is having problems with his mental and physical health treatment at CCI and still seeks transfer to a mental health facility, but if so, he will have to amend his complaint to include defendants responsible for his current conditions of confinement and convince the court that his claims about two separate prisons should be considered in the same case. If plaintiffs do wish to amend the complaint, they should submit

---

that Grissom forged Kidd's signature on the complaint, Grissom may be sanctioned by this court.

an amended complaint, signed by both of them, by the same deadline I am giving them regarding the financial issues discussed above.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom is assessed $0.03 as an initial partial payment of the $350 fee for filing this case. Grissom is to submit a check or money order made payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before September 17, 2015.

2. Plaintiff Robert Kidd may have until September 17, 2015, to respond to this order, explaining whether he wishes to be a plaintiff in this lawsuit. I will attach a copy of the complaint to the copy of this order being sent to Kidd. If he chooses to be a plaintiff in this lawsuit, he may have until September 17, 2015 to submit a six-month trust find account statement so that the court may consider his request for leave to proceed *in forma pauperis*.

Entered August 27, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge