IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM and ROBERT KIDD,

                      Plaintiffs,

   v.

WILLIAM J. POLLARD,

                      Defendant.

ORDER

14-cv-808-jdp

---

Plaintiffs Terrance Grissom and Robert Kidd, prisoners in the custody of the Wisconsin Department of Corrections, bring this lawsuit against William Pollard, warden of the Waupun Correctional Institution (WCI), alleging that he disregarded their complaints about improper treatment of their mental and physical health issues and other problems. But as I have discussed previously, it is unclear whether either plaintiff wants to continue with the case, and whether plaintiff Kidd wishes to proceed in a joint lawsuit with plaintiff Grissom. *See* Dkt. 10. Plaintiff Grissom has not responded to this court's orders, and plaintiff Kidd has provided contradictory responses. I will address each plaintiff's status in turn below.

A. **Plaintiff Grissom**

Plaintiff Grissom is a frequent litigator in this court (he has brought over 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and who independently has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015). I have already concluded that Grissom's allegations that defendant Pollard is ignoring his physical and mental health problems suffices to meet the imminent danger standard. *See* Dkt. 10, at 2. But I directed Grissom to submit $0.03 as an

initial partial payment of the filing fee for this case, and he has failed to do so or otherwise respond to this court's orders in this case, even as he has moved on to initiate a new case in this court. *Grissom v. Dittmann*, 15-cv-705-jdp. This is part of a trend in Grissom's recent litigation, in which he files lawsuits but then does nothing to prosecute them. *See, e.g., Grissom v. Luduigson*, No. 14-cv-758-jdp (W.D. Wis.) (case dismissed after Grissom failed to submit initial partial payment of filing fee); *Grissom v. Vandenlangenberg*, No. 14-cv-490-jdp (W.D. Wis.) (same). Because Grissom has once again failed to submit an initial partial payment or otherwise respond, I will dismiss him from this case.[1]

B. **Plaintiff Kidd**

Plaintiff Kidd responded to this court's order asking him for his prison trust fund account statement by submitting letters suggesting, incorrectly, that he believes that he can obtain a full waiver of the filing fee because he is disabled as a result of military service, and suggesting that his signature on the complaint was forged by plaintiff Grissom. I directed Kidd to explain whether he would like to continue with this lawsuit and to submit a trust fund account statement. Dkt. 10, at 3-4. Kidd has responded with a series of filings, some making it is seem like he would like to continue with this case and others asking for refund of his filing fee.

Kidd continues to be laboring under the assumption that he is not required to pay any of the filing fee for this case because he is a disabled veteran. But this is not the case. If he chooses to continue with this case, he will ultimately have a total of $350 withdrawn from his

---

[1] Plaintiff Kidd has filed a motion to dismiss plaintiff Grissom from the case, which I will deny as moot. I would usually sever joint plaintiffs' cases from each other if the plaintiffs no longer agreed to litigate the case together, but that is unnecessary in this case because Grissom's failure to prosecute the lawsuit has resulted in his dismissal.

income to pay the filing fee. Because it is unclear from plaintiff's filings whether he genuinely wants to pursue this lawsuit, I will give him a final chance to explain what he would like to do. He has two choices:

- He can choose to continue with this lawsuit. Funds will continue to be withdrawn from his prison trust fund account to pay for the lawsuit.

- He can choose to voluntarily dismiss the lawsuit, in which case I will direct the clerk of court to return all withdrawn funds to him.

I will give Kidd a short time to tell the court which one of these options he chooses. All of Kidd's pending motions will be denied without prejudice. This includes a motion for appointment of counsel, because it is not yet clear whether Kidd wishes to pursue the case, and he does not need counsel to help him make this choice.

ORDER

IT IS ORDERED that:

1. Plaintiff Terrance Grissom is DISMISSED from the case. The case will proceed with plaintiff Robert Kidd as the sole plaintiff.

2. All of plaintiff Kidd's pending motions are DENIED without prejudice.

3. Plaintiff Kidd may have until July 15, 2016, to inform the court whether he would like to continue with this lawsuit.

Entered June 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge