IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT KIDD,

          Plaintiff,

v.

WILLIAM J. POLLARD,

          Defendant.

ORDER

14-cv-808-jdp

---

TERRANCE GRISSOM,

          Plaintiff,

v.

MICHAEL DITTMANN, LUCAS WEBER, and LINDSAY WALKER,

          Defendants.

ORDER

15-cv-705-jdp

---

TERRANCE GRISSOM,

          Plaintiff,

v.

BARTOW,

          Defendant.

ORDER

16-cv-492-jdp

---

TERRANCE GRISSOM,

          Plaintiff,

v.

KITTY RHOADES, ADMINISTRATION DOC, and ATTORNEY GENERAL,

          Defendants.

ORDER

16-cv-511-jdp

TERRANCE GRISSOM,

                Plaintiff,                  ORDER

   v.

                                              16-cv-521-jdp

MR. BARTOW,

                Defendant.

---

      Plaintiff Terrance Grissom, a prisoner currently incarcerated at the Racine Correctional Institution, has filed several lawsuits alleging that prison officials at various correctional institutions are threatening to harm him. Grissom is a frequent litigator in this court (he has brought over 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and who independently has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. *See Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015).

      In an August 9, 2016, order, I addressed Grissom's filings in each of the five above-captioned cases. In particular, I stated that Grissom's allegations in case nos. 16-cv-492-jdp, 16-cv-511-jdp, and 16-cv-521-jdp could likely be combined into a single lawsuit, leaving him with three open cases rather than five. I gave him a deadline to file $0.03 initial partial payments and amended complaints in each of the three open cases.

      Grissom has responded by asking for more time and for the provision of various resources to accomplish these tasks. He asks for "entire copies" of each of his cases, four prepaid envelopes, a copy of the court's local rules, five complaint forms, and a list of addresses of all of the federal courts nationwide.

      I will deny some of Grissom's requests. This court does not provide litigants with prepaid envelopes or other mailing supplies; he should obtain postage either through the Department of Corrections' usual distribution of mailing supplies or by taking out a legal

loan. I will not provide Grissom with the court's local rules because there are only five rules, none of which apply to his cases. The request for a list of federal court addresses is frivolous.

I will grant (at least in part) Grissom's request for complaint forms. As stated above, his task is to submit three amended complaints, so I will attach three complaint forms to this order. I will not send Grissom "entire copies" of each of his five lawsuits. I will send him the docket sheets for each of these cases, as well as another copy of my August 9 order.

I will give Grissom a new deadline to submit $0.03 initial partial payments for each of his three cases and an amended complaint for each of those cases. This will be the final deadline. As I have stated previously in Grissom's cases, he has fallen into the habit of filing complaints but then not responding to court orders or otherwise doing anything to prosecute his lawsuits. *See, e.g.*, *Grissom v. Luduigson*, No. 14-cv-758-jdp (W.D. Wis.) (case dismissed after Grissom failed to submit initial partial payment of filing fee); *Grissom v. Vandenlangenberg*, No. 14-cv-490-jdp (W.D. Wis.) (same). Grissom has at least responded to the August 9 order, but filling out new complaint forms and making requests for the prison to send the court his initial partial payments are relatively simple tasks.

From Grissom's trust fund account statement, it looks like he may not have any funds in his regular account to pay the fee, so I encourage him to seek the use of his release account funds for this purpose. Grissom should show a copy of this order to prison officials to ensure that they are aware that they should send his initial partial payments to this court.

ORDER

IT IS ORDERED that plaintiff Terrance Grissom's motion for extension of time and provision of various materials, Dkt. 52 in the '808 case, is GRANTED IN PART as discussed

above. Grissom may have until November 9, 2016, to submit an initial partial payment and amended complaint for each of his three currently open cases.

Entered October 19, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge