IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT KIDD,

                Plaintiff,

v.                                                      OPINION & ORDER

WILLIAM J. POLLARD,                        14-cv-808-jdp

                Defendant.

---

TERRANCE GRISSOM,

                Plaintiff,

v.                                                     OPINION & ORDER

MICHAEL DITTMANN, LUCAS WEBER, and      15-cv-705-jdp
LINDSAY WALKER,

                Defendants.

---

TERRANCE GRISSOM,

                Plaintiff,

v.                                                     OPINION & ORDER

BARTOW,                                           16-cv-492-jdp

                Defendant.

---

TERRANCE GRISSOM,

                Plaintiff,

v.                                                     OPINION & ORDER

KITTY RHOADES, ADMINISTRATION DOC,      16-cv-511-jdp
and ATTORNEY GENERAL,

                Defendants.

---

| | | |
|---|---|---|
| TERRANCE GRISSOM, | | |
| | Plaintiff, | OPINION & ORDER |
| v. | | |
| MR. BARTOW, | | 16-cv-521-jdp |
| | Defendant. | |

Plaintiff Terrance Grissom, a prisoner currently incarcerated at the Wisconsin Resource Center, filed each of the above-captioned cases alleging that prison officials at various correctional institutions have threatened to harm him. Grissom is a frequent litigator in this court (he has brought over 60 cases here since 1990) who has "struck out" under 28 U.S.C. § 1915(g) and he has been barred from filing new complaints in this court unless his allegations show that he is in imminent danger of serious physical injury. The restrictions on his ability to file cases are set out in *Grissom v. Kuluike*, No. 14-cv-590-jdp (W.D. Wis. Jan. 12, 2015).

I dismissed Grissom from case no. 14-cv-808-jdp (about his treatment at the Waupun Correctional Institution) because he failed to submit a $0.03 initial partial payment of the filing fee or otherwise respond to this court's orders. Dkt. 39 in the '808 case. After his dismissal, Grissom submitted documents expressing his interest in continuing with the case. I told him that he could file a *new* lawsuit about his treatment at the Waupun Correctional Institution, but he would have to submit the initial partial payment he had thus far refused to pay. I also instructed him that the allegations in his original complaint violated Federal Rule of Civil Procedure 8, so he would have to submit an amended complaint better explaining his claims. Dkt. 47 in the '808 case.

Case no. 15-cv-705-jdp concerns Grissom's treatment at the Columbia Correctional Institution. His complaint in that case violated Federal Rule of Procedure 10(a), which states

that the complaint must have a caption detailing the names of the parties. I directed Grissom to file an amended complaint along with a $0.03 initial partial payment of the filing fee. Dkt. 2 and Dkt. 9 in the '705 case.

Grissom filed three lawsuits, case nos. 16-cv-492-jdp, 16-cv-511-jdp, and 16-cv-521-jdp, about his treatment at the Wisconsin Resource Center. I concluded that they could likely be combined into a single lawsuit, but that they violated Rule 8 because his allegations were too vague and because he did not explain which individual prison staff members caused him harm. I directed Grissom to file an amended complaint covering his allegations in all three cases, along with a $0.03 initial partial payment of the filing fee. Dkt. 6 in the '492 case.

Grissom did not follow my instructions. Instead, he asked for more time and for "entire copies" of each of his cases, prepaid envelopes, a copy of the court's local rules. complaint forms, and a list of addresses of all of the federal courts nationwide. Dkt. 7 in the '492 case. I gave him an extension of time to file his amended complaints and initial partial payments, attached complaint forms and a copy of the dockets in his case, and stated that this would be his final chance to comply with the court's orders.

Now Grissom has filed a letter in which he asks to be transferred to a new facility, and vaguely stating that he is being "tortured" and that his legal mail is being obstructed. This letter only reiterates statements made in previous filings that I have already concluded do not state claims for relief. Grissom's continued refusal to submit initial partial payments or amended complaints fits his recent pattern of filing lawsuits but then doing nothing to prosecute them. *See, e.g.*, *Grissom v. Luduigson*, No. 14-cv-758-jdp (W.D. Wis.) (case dismissed after Grissom failed to submit initial partial payment of filing fee); *Grissom v.*

*Vandenlangenberg*, No. 14-cv-490-jdp (W.D. Wis.) (same). Nothing in his new submission shows that prison officials are blocking him from submitting amended complaints and initial partial payments. Rather, his current and other submissions in these cases show that he has the funds and ability to file his amended complaints. Nor am I persuaded that he is incapable of the relatively simple task of explaining his claims with enough detail and explaining which particular prison staff members have harmed him.

Accordingly, I will dismiss each of the above-captioned cases (with the exception of the '808 case, which is already closed) without prejudice. He will not owe the filing fee for these cases. To conserve judicial resources in the future, I will amend the court's sanctions against Grissom as follows:

- Until Grissom has paid in full the outstanding fees in all civil actions he has filed in this circuit, the only case-initiating documents he may file are habeas corpus petitions and complaints in which he alleges that he is in imminent danger of serious physical harm. If he is attempting to file a new action, he must explicitly state in the caption of his submission that the document is a "complaint" or "petition for writ of habeas corpus."

- Any case-initiating document filed by Grissom will be opened as a new case. Should that pleading not conform to these sanctions, the court will issue an order summarily dismissing that case for that reason.

- The court will no longer give a "free" review of Grissom's proposed complaints. Grissom will now owe a filing fee for any new case that is dismissed under these sanctions, and that amount will be added to his debt. Grissom should not file a new civil complaint unless he is raising plausible allegations that he is in imminent danger of serious physical harm.

- Although he is not currently a defendant in any criminal case, Grissom will be permitted to file submissions in any criminal case in which he is a defendant.

- Although the court reserves the right to take any action it deems necessary regarding any document filed by Grissom, even if it does not strictly comply with these rules, I will direct the clerk of court to docket non-case-initiating documents failing to meet the above standards into a miscellaneous case, with no further action to be taken on them by the court.

If Grissom believes that he is in imminent danger of serious physical or psychological harm, he is free to file a new complaint about that threat. But any future complaint Grissom files will need to explain how he is being harmed and what prison officials are harming him.

ORDER

IT IS ORDERED that:

1. Case nos. 15-cv-705-jdp, 16-cv-492-jdp, 16-cv-511-jdp, and 16-cv-521-jdp are DISMISSED without prejudice. Plaintiff Terrance Grissom will not owe a filing fee for these cases.

2. The court's sanctions against plaintiff are amended as discussed in the opinion above.

Entered December 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge